UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| Ruthann Ferenc ) | |
| Joseph Ferenc ) | |
| ) | |
| v. ) | Civil Action No: _____ |
| ) | |
| Tower Hill Tavern, LLC ) | |
| Shaijax Co., LLC ) | |
| ) | |
| Defendants ) | |

# COMPLAINT
# JURY TRIAL DEMANDED

NOW COME the Plaintiffs, Ruthann Ferenc and Joseph Ferenc, by and through their attorneys, Nicholson Law Firm, PLLC, and hereby state and complain against the Defendants, Tower Hill Tavern, LLC and Shaijax Co., LLC, as follows:

## INTRODUCTION

1. This is a tort action against Tower Hill Tavern, LLC and Shaijax Co., LLC (hereinafter "Defendants") arising out of a slip and fall incident at the Tower Hill Tavern, located at 264 Lakeside Avenue, Laconia, New Hampshire.

## PARTIES

2. The Plaintiff, Ruthann Ferenc, is a Connecticut resident residing at 139 Willington Hill Road, Willington, Connecticut, 06279.

3. The Plaintiff, Joseph Ferenc, is a Connecticut resident residing at 139 Willington Hill Road, Willington, Connecticut, 06279.

4. Defendant Shaijax Co., LLC ("Shaijax") is a New Hampshire domestic limited liability company with a principal office located at 264 Lakeside Avenue, Laconia, New Hampshire, 03246.

5. Defendant Tower Hill Tavern, LLC ("Tower Hill Tavern") is a domestic limited liability company with a principal place of business located at 264 Lakeside Avenue, Laconia, New Hampshire, 03246.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction of this action under 28 USC 1332(a).

7. The Plaintiffs are citizens of the State of Connecticut and the Defendants are citizens of the State of New Hampshire.

8. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

9. Venue is proper in the United States District Court for the District of New Hampshire.

## STATEMENT OF FACTS

10. Shaijax is a real estate holding company.

11. Tower Hill Tavern operates as a restaurant, and is open to the public serving food and beverages and offering live entertainment.

12. At all times relevant to the Complaint, Shaijax owned the real estate and buildings where it allowed Tower Hill Tavern to operate and occupy its restaurant at 264 Lakeside Avenue, Laconia, New Hampshire (the "Premises").

13. On Saturday, September 14, 2019, Ruthann, her husband Joseph, and some of their companions rode their motorcycles from Connecticut to New Hampshire to attend Laconia Biketemberfest.

14. It was an overcast day and periodically precipitated during the day.

15. Laconia Biketemberfest was created by Anthony Santagate, the owner of Tower Hill Tavern and Shaijax.

16. Laconia Biketemberfest is set up in a block party fashion along Lakeside Avenue, where people can go into the Tower Hill Tavern and other establishments, purchase an alcoholic beverage and walk out onto the sidewalk or into the street, where an outdoor stage is set up for live music.

17. While attending Laconia Biketemberfest, the Ferencs and their companions dined at Tower Hill Tavern.

18. While they dined at the Premises, the interior of Tower Hill Tavern was crowded with customers who stood in and around the tables holding and consuming beverages.

19. At one point while they were inside the Premises, the Ferencs' companions observed that the dark brown composite wooden floor in the Premises was slippery.

20. Around 6:00 p.m., many people vacated Tower Hill Tavern to listen to a live band that began to play on the community stage.

21. The Ferencs and their companions also walked outside to listen to the live band.

22. A short time later, around 6:30 p.m., Ruthann walked back inside Tower Hill Tavern to use its restroom facilities.

23. Tower Hill Tavern's kitchen is located near the hallway leading into its restroom area.

24. Tower Hill Tavern's waiters and waitresses carry food and drink from the kitchen area into the dining area to serve customers.

25. Ruthann walked carefully toward the restroom, but a portion of the floor was slippery because of some unknown substance on its surface.

26. When Ruthann turned in the direction of the restrooms her foot slipped on the substance on the floor and flew out from underneath her, which caused her to lose her balance and fall to the floor.

27. The impact of the fall to the floor caused Ruthann's right hip ball to shear off its neck, requiring an emergency total hip replacement surgery, hospitalization, and extensive rehabilitation, with an attached medical expense of $92,742.18 as of July 16, 2020.

28. Tower Hill Tavern knew or should have known about the unsafe floor condition prior to Ruthann slipping on it and suffering injuries.

## COUNT I: NEGLIGENCE
### (Ruthann Ferenc v. Shaijax Co., LLC)

29. The facts and information contained in the preceding paragraphs are incorporated as if fully set forth herein.

30. Upon information and belief, Shaijax owns the Premises occupied and operated by Tower Hill Tavern as a restaurant.

31. Shaijax had a duty to reasonably maintain, treat, and inspect its Premises to allow for the safe passage of walking patrons, customers and the public within its Premises.

32. Shaijax is subject to liability for any independent contractor's negligence even though it is free to delegate the duty of performance to another; it cannot thereby avoid or delegate the risk of non-performance of the duty.

33. In breach of its duties of care, Shaijax failed to exercise reasonable care in the maintenance, treatment and inspection of its premises to allow for the safe passage of members of the public, resulting in the hazardous condition that caused Ruthann's fall on the slippery floor.

34. In breach of its duties of care, Shaijax failed to maintain the Premises in a reasonably safe condition by allowing the floor to remain unreasonably slippery and otherwise exist in an unreasonably unsafe and dangerous condition for its guests, invitees and customers when it knew, or in the exercise of reasonable care, should have known that the floor surface was unreasonably slippery on the date Ruthann suffered her injuries.

35. As a direct and proximate result of Shaijax's breach of its duties of due care, Ruthann slipped and fell and sustained serious personal injuries to which she has suffered and continues to suffer pain and suffering, emotional distress, medical expenses, and loss of enjoyment of life, and has incurred other damages, which are in an amount within the jurisdictional limits of this Court.

## COUNT II: NEGLIGENCE
### (Ruthann Ferenc v. Tower Hill Tavern, LLC)

36. The facts and information contained in the preceding paragraphs are incorporated as if fully set forth herein.

37. Tower Hill Tavern had a duty to reasonably maintain, treat, and inspect its Premises to allow for the safe passage of walking patrons, customers and the public within its Premises.

38. Tower Hill Tavern had a duty to warn its invitees and customers of any dangerous conditions that it knew or should have known about that existed concerning the pathways or floor and had a duty to take reasonable precautions to protect Ruthann against reasonably foreseeable dangers arising out of the use of the Premises.

39. Tower Hill Tavern had a duty to use reasonable care in hiring, supervising, and training its employees who have direct contact with the public.

40. Tower Hill Tavern had a duty to adopt policies and procedures to prevent the foreseeable risk of harm that exists when the public and its customers and guests are required to walk on a slippery floor to use the restroom facilities.

41. Tower Hill Tavern had a duty to supervise its employees to enforce these policies and procedures to avoid the type of hazard that would allow its customers to slip and fall on a slippery floor.

42. In breach of its duties of care, Tower Hill Tavern, or its employees and agents, failed to exercise reasonable care in the maintenance, treatment and inspection of its premises to allow for the safe passage of members of the public, resulting in the hazardous condition that caused Ruthann's fall on the slippery floor.

43. In breach of its duties of care, Tower Hill Tavern, or its employee and agents, failed to exercise reasonable care in the training and supervision of its employees, resulting in the hazardous condition that caused Ruthann's fall on the slippery floor.

44. In breach of its duties of care, Tower Hill Tavern, or its employees and agents, failed to maintain the Premises in a reasonably safe condition by allowing the floor to remain unreasonably slippery and otherwise exist in an unreasonably unsafe and dangerous condition for its guest, invitees and customers when it knew, or in the exercise of reasonable care, should have known that the floor surface was unreasonably slippery.

45. In breach of its duties of care, Tower Hill Tavern, or its employees and agents, failed to reasonably warn or take appropriate mitigating measures against the unsafe and dangerous condition of the floor when it knew, or in the exercise of reasonable care, should have known the unsafe condition existed.

46. As a direct and proximate result of the breach of its duties of due care, Ruthann slipped and fell and sustained serious personal injuries to which she has suffered and continues to suffer pain and suffering, emotional distress, medical expenses, and loss of enjoyment of life, and has incurred other damages, which are in an amount within the jurisdictional limits of this Court.

## COUNT III: LOSS OF CONSORTIUM
### (Joseph Ferenc v. Tower Hill Tavern and Shaijax)

47. The facts and information contained in the preceding paragraphs are incorporated as if fully set forth herein.

48. Joseph is the loving and devoted husband and constant companion of Ruthann.

49. As a result of Defendants' negligent conduct and the damage resulting

therefrom, Joseph suffered, and continues to suffer, losses and damages by reason of the loss of consortium of his wife, including the loss of her care, companionship and services.

50. Joseph is entitled to and claims the full extent of damages allowed by law for loss or impairment of right of consortium all within the jurisdictional limits of this Court.

## **JURY DEMAND**

51. Plaintiffs assert their right to a jury trial.

**WHEREFORE**, Plaintiffs demand judgment against the Defendants and pray for the following relief:

    A. Award Plaintiffs an amount of compensatory damages against Defendants in an amount subject to proof;

    B. Award against Defendants both pre-judgment and post-judgment interest;

    C. Award against Defendants the other costs and fees allowed by law; and,

    D. Grant any further relief the Court deems just and proper.

Respectfully Submitted,

Ruthann and Joseph Ferenc

By and through their attorneys,

Nicholson Law Firm, PLLC

October 1, 2020      /s/ Neil B. Nicholson

Neil B. Nicholson, Esq. (NH Bar No. 18341)
Nicholson Law Firm, PLLC
P.O. Box 4137
Concord, NH 03301
(603) 856-8441
neil@nicholson-lawfirm.com